Nos. 14-1537, 14-1566

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT
_____

GLOBAL TRAFFIC TECHNOLOGIES, LLC,

Plaintiff-Appellee,

v.

RODNEY K. MORGAN, KM ENTERPRISES, INC.,

Defendants-Appellants.

and

STC, INC.,

Defendant-Appellant.

_____

On appeal from the United States District Court
for the District of Minnesota
The Honorable Ann D. Montgomery
_____

## MOTION FOR STAY OF
## ENFORCEMENT OF JUDGMENT PENDING APPEAL
_____

January 25, 2015                    (*Counsel listed on inside cover*)

Jana Yocom, P.C
Jana Yocom (#6193677)
320 S. 11th, Suite 1
Mount Vernon, Illinois 62864
618-731-1944
jana.yocom@gmail.com

*Attorney for Defendants*
*KM Enterprises, Inc., and Rodney*
*Kris Morgan*

# CERTIFICATE OF INTEREST

Counsel for Defendant-Appellants KM Enterprises, Inc. and Rodney K. Morgan certifies the following:

1.  The full name of every party or *amicus* represented by us is:

    KM Enterprises, Inc.

    Rodney K. Morgan

2.  The names of the real party in interest represented by us is:

    Not applicable.

3.  All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are: None.

4.  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

HELLMUTH & JOHNSON: Terrance C. Newby, Jonathan D. Jay (both formerly of Leffert Jay & Polglaze).

RASMUS LAW OFFICE, LLC: R Daniel Rasmus, Andrew G Birkeland.

ROBINS KAPLAN MILLER & CIRESI LLP: Andrew D Hedden, Jacob M Holdreith, Carrie M Lambert, Kelly M McLain, Shira T Shapiro.

SHUMAKER & SIEFFERT, PA: Nicholas S. Kuhlmann (formerly of Leffert Jay & Polglaze).

JANA YOCOM, P.C.: Jana L. Yocom

Elizabeth L Taylor

Dated: July 28, 2014                    */s/ Jana L. Yocom*
                                        JANA YOCOM, P.C.

# TABLE OF CONTENTS

Page

Table of Authorities……………………………..………………………….......ii

Index of Exhibits……………………………………………………….…...…..iv

Introduction……………………………………………………………..…1

Facts………………………..……………………………………………..….2

Argument……………………………………………………………………...3

    *Seventh Circuit precedent supports a Rule 62(f) stay where an applicable state law stay precedes the registration of federal judgment in Illinois.……………………………………………...…..3*

    *Even under general principles applicable to Rule 62(f), KME is entitled to a stay.………………………………………………………….5*

    *Rule 62(f) requires a stay under the circumstances of this case………..…..5*

    *In Illinois the federal judgment imposes a lien on real and personal property.………………………………………………………..……6*

    *KME would be entitled to a stay under state law even apart from the valid stay currently in place…………………………………………..7*

Conclusion…………………………………………………………….…..11

i

# TABLE OF AUTHORITIES

## Cases

*Aldasoro v. Kennerson,*
915 F.Supp. 188 (N.D.Cal. 1995)……………………..………..………6

*Cacok v. Covington Electric Co., Inc.,*
111 F.3d 52 (7th Cir. 1997)……………………………….…..………7

*Hamilton v. MacDonald,*
503 F.2d 1138 (9th Cir. 1974)…………………………….….…………6

*Horvath v. Loesch,*
87 Ill.App.3d 615, 620 (1980)…………………………………………..8

*Hutter v. Lake View Trust & Savings Bank,*
54 Ill.App.3d 653 (1977)……………………………………………….10

*In re MJK Clearing, Inc.,*
241 F.R.D. 491 (N.D.Ill. 2007)……………………………………….6

*Pacific Reinsurance Management Corp. v. Fabe,*
929 F.2d 1215, 1219 (7th Cir. 1991)……………………….…………….3

*Spellman v. Aetna Plywood, Inc.,*
1991 WL 80528 (N.D.Ill. 1992)………....…………………………………4

*Stacke v. Bates,*
138 Ill.2d 295 (1990)……………………………………...…..5, 8 , 10 ,11

*United States for Use and Benefit of Hi-Way Elec. Co. v. Home Indemnity Co.,*
549 F.2d 10 (7th Cir. 1977)………………………….……………..………3

## Statutes

28 U.S.C. §1963…………………………..…………………………...4, 6

735 ILCS 5/12-502…………………..………………………………7

735 ILCS 5/2-1402…………………………...…………………………7

735 ILCS 5/12-652……………...……………………………………………….8

**Rules**

Federal Circuit Rule 8………………………………………………………………1

Fed.R.Civ.P. 62(f)…………………………………………….………….1, 3, 4, 5, 6

Illinois Supreme Court Rule 305…………………………………...……5, 8, 10, 11

Illinois Supreme Court Rule 183………………………………………………...8

**Secondary Authority**

Wright & Miller, 11 Fed. Prac. & Proc. §2907 (3rd ed.)………………………….…..5

# INDEX OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | *Global Traffic Techn. v. KM Enterprises, Inc.,* 14-cv-00065 (S.D.Ill.), Memorandum and Order denying stay. |
| B | Registration of judgment in Southern District of Illinois. |
| C | *Global Traffic Techn. v. KM Enterprises, Inc.,* 10-cv-4110, Notice of Appeal. |
| D | Circuit Court for the Second Judicial Circuit, Jefferson County, Illinois, Order of Stay |
| E | Circuit Court for the Second Judicial Circuit, Jefferson County, Illinois, Order denying GTT's Motion to Lift Stay. |
| F | Citation to Discover Assets of Kris Morgan, served December 23, 2014. |
| G | Citation to Discover Assets of KM Enterprises, Inc., served December 23, 2014. |

Pursuant to Federal Circuit Rule 8, Defendants Rodney K. Morgan ("Morgan") and KM Enterprises, Inc. (collectively "KME") file this Motion for Stay of Enforcement of Judgment Pending Appeal, as follows:

## INTRODUCTION

The opportunity to again request a stay pending appeal has arisen in this case as a result of Global Traffic Technologies, LLC's ("GTT") faceted enforcement efforts against KME. When an Illinois state court stay prevented GTT from enforcing its judgment, GTT continued its pursuit by registering the Minnesota judgment in the Illinois federal court. Relief is now available under a provision of Rule 62 that did not previously apply. Under Federal Rule of Civil Procedure 62(f):

> If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

Fed.R.Civ.P. 62(f).

KME applied to the district court for the Southern District of Illinois seeking a stay of enforcement under Federal Rule of Civil Procedure 62(f) and the request was denied. Exhibit A[1]. One reason given by the district court was its hesitance to grant a stay when this Court had previously denied one. In addition, the district

---

[1] Pursuant to Federal Circuit rules, Exhibit B is a copy of Order on the merits of the registration and Exhibit C is a copy of the notice of appeal.

court did not agree with KME's analysis of Illinois law and applicable federal law. Under Fed.R.App.P. 8(a)(2)(B), this motion is an original matter before this Court.

## FACTS

The initial motion for stay in this Court was filed on August 5, 2014 and sought to offer alternate security in place of a supersedeas bond. The Court denied the stay based on insufficient evidence. Shortly after the Federal Circuit's temporary stay was lifted, on September 5, 2014 GTT filed a Citations to Discover Assets in Jefferson County and Hamilton County, Illinois against banks in which Defendants held deposits and against KME, Morgan and STC, Inc. Yocom Declaration. The banks were served on September 6 and Defendants were served on September 10.

On September 10, 2014 all defendants appeared on an Emergency Motion requesting a stay of the citations and release of frozen bank funds. Yocom Declaration. GTT appeared by telephone and the hearing was transcribed by a court reporter. Yocom Declaration. The court granted a stay as to Morgan, KME and STC, Inc[2]. Exhibit D[3]. GTT's Motion to Lift Stay in was denied on September 26, 2014. Exhibit E. During a September 29, 2014 conference call the judge explained that she was unwilling to reconsider the stay and the order did not need

---

[2] STC, Inc. filed bankruptcy on September 11, 2014.
[3] Additional documentation from the Illinois proceedings will be provided upon request.

2

to be clarified because, in the judge's view, GTT understood that a stay had been ordered as evidenced by the Motion to Lift Stay. Yocom Declaration.

On October 2, 2014 GTT filed an expedited motion in the Minnesota District Court seeking permission to register the Minnesota judgment in Illinois, California and Washington. Yocom Declaration. The motion was granted and GTT registered the judgment in Illinois on October 17, 2014. Exhibit B. Citations to discovery assets of KME and Morgan were served on STC, Inc. on December 23, 2014, freezing commissions STC, Inc. owes to KME. Exhibit F; Exhibit G. The hearing on the citations is scheduled in the Southern District of Illinois on January 26, 2014 at 1:30 pm. *Id.* On January 23, 2014, the district court denied KME's motion for stay pending appeal pursuant to Rule 62(f). Exhibit A.

## ARGUMENT

> A. *Seventh Circuit precedent supports a Rule 62(f) stay where an applicable state law stay precedes the registration of federal judgment in Illinois.*

In *United States for Use and Benefit of Hi-Way Elec. Co. v. Home Indemnity Co.,* 549 F.2d 10 (7th Cir. 1977) the judgment debtor moved to stay enforcement of a registered Michigan judgment and to quash a garnishment summons. *Id.* The registered judgment in Illinois is not a proceeding in aid of the foreign judgment, but is an enforceable judgment of the Illinois court. *Id.* at 14*; see Pacific Reinsurance Management Corp. v. Fabe,* 929 F.2d 1215, 1219 (7th Cir. 1991). The

3

court held that Rule 62(f) applies in a registration proceeding under §1963 to the same extent that it would be applicable to an original judgment rendered in the district court. *Id.; see Spellman v. Aetna Plywood, Inc.,* 1991 WL 80528 (N.D.Ill. 1992)(permitted Rule 69(f) stay of execution given the defendant's inability to post a bond and the fact that in Illinois a judgment becomes a lien once recorded). In considering whether the district judge should have granted the appellants' motion for a stay order, the Seventh Circuit noted the actions taken by the judgment creditor in attempting to seek satisfaction of its judgment in the Cook County, Illinois courts, and only after being confronted with the imminent possibility of set-off in that court and facing a stay order there, did the creditor seek to register the judgment in the Northern District of Illinois. *Id.* Thus, prior to initiation of the federal registration proceedings, a court of competent jurisdiction had in fact stayed enforcement of the judgment. *Id.* The district court denial of a stay was error.

In this case GTT first invoked the jurisdiction of the Circuit Court of Jefferson County, Illinois, ultimately resulting in the issuance of a stay order by that court. Both Jefferson County and Hamilton County, Illinois are included in the Second Judicial Circuit in Illinois, so the stay entered in Jefferson County as to KME, STC, Inc. and Morgan encompasses the proceedings at issue here. That

prior stay order by a court of competent jurisdiction is in place. The Rule 62(f) stay should have been granted.

### B. *Even under general principles applicable to Rule 62(f), KME is entitled to a stay.*

The district court denied relief under Rule 62(f) based on KME's failure to pay a supersedeas bond. Under Illinois law, courts are given broad power to grant a stay. Illinois Supreme Court Rule 305(a) requires that a supersedeas bond be provided in the case of money judgments. Sup.Ct.R. 305(a). The Illinois Supreme Court has construed section (b) of the rule to allow stay of money judgments without bond. *Stacke v. Bates,* 138 Ill.2d 295, 303 (1990). The court declined to require any particular set of factors for the determination, being open to the idea that a money judgment debtor may not be able to argue the four factors applicable to injunction but could nevertheless be entitled to a stay. *Id.* at 303-304.

### C. *Rule 62(f) requires a stay under the circumstances of this case.*

Rule 62(f) recognizes and reaffirms the right of a judgment debtor to a stay of execution "in any state in which a judgment is a lien upon the property of the judgment debtor." Wright & Miller, 11 Fed. Prac. & Proc. §2907 (3rd ed.). The judgment debtor accordingly is entitled to the same stay as would be granted had the action been maintained in the courts of that state rather than in the district court of the United States. *Id.* Under the Rule, "a judgment debtor is entitled to a stay in

the federal district court if," under Illinois law, "(1) the judgment is a lien on the property of the judgment debtor; and (2) the judgment debtor is entitled to a stay." *See Aldasoro v. Kennerson,* 915 F.Supp. 188, 190 (N.D.Cal. 1995).

A stay under Rule 62(f) in this case is consistent with the policy of 28 U.S.C. §1963 in its application only to money judgments. Enforcement of a judgment through registration under that section while an appeal is pending is only appropriate where the debtor has substantial assets in the registering state, meeting the prerequisite of good cause. Without the required substantial assets with which to satisfy the judgment, an injunction is imposed in this case as KME is separated from funds needed to operate its business. Section 1963 is not available for enforcement of an injunction. *In re MJK Clearing, Inc.,* 241 F.R.D. 491 (N.D.Ill. 2007); *Hamilton v. MacDonald,* 503 F.2d 1138, 1148 (9th Cir. 1974). A stay of enforcement is appropriate under Rule 62(f).

### D. In Illinois the federal judgment imposes a lien on real and personal property.

A federal judgment imposes a lien on real property in Illinois. The statute states:

> § 12-502. Lien of Federal judgments. Upon filing in the office of the recorder in any county of this State of a transcript, certified copy or memorandum of a judgment entered in this State by a court of the United States, such judgment shall be a lien upon the real estate of the person against whom the same is entered, in the county where filed, in like manner as judgments of courts of this State…

735 ILCS 5/12-502. Illinois law imposes also a lien on personal property. In Illinois, civil judgments are enforced through supplementary proceedings pursuant to 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277. Illinois allows a judgment creditor to pursue assets or income of the judgment debtor by instituting citation proceedings against the judgment debtor and/or a third party. 735 ILCS 5/2-1402(a). When issued against a third party the statute specifically provides that at the instance of the county circuit clerk, the citation "may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of...any property…belonging to the judgment debtor to which he or she may be entitled or which they may thereafter be acquired by or become due to him or her, and from, paying over…moneys…which are due or to become due to the judgment debtor…" 735 ILCS 5/2-1402(f)(1). In other words, bank accounts and accounts receivable are frozen upon service of the citation to discover assets to a third party prior to any hearing. Further, a lien is created by proper service of a citation to discover assets that "binds the nonexempt personal property, including money, choses in action, and effects of the judgment debtor…" 735 ILCS 5/2-1402(m)(2). The lien is perfected on the date the citation is served. *Cacok v. Covington Electric Co., Inc.,* 111 F.3d 52, 53 (7th Cir. 1997).

    E. *KME would be entitled to a stay under state law even apart from the valid stay currently in place.*

Illinois law requires that the federal judgment registered in Illinois be treated like a judgment entered in the circuit court and specifically authorizes a stay. 735 ILCS 5/12-652. Illinois Supreme Court Rule 183 recognizes the inherent power of a circuit court to enter a stay of any proceeding and Rule 305 authorizes a stay pending appeal.

Under Illinois law, "a stay issued by the appellate court, formerly called a *supersedeas*, suspends enforcement of a judgment, and is intended to preserve the status quo pending the appeal and to preserve the fruits of a meritorious appeal where they might otherwise be lost. *Stacke v. Bates,* 138 Ill.2d at 302. Courts in Illinois have inherent power to grant a stay pending appeal, and whether or not to do so is a discretionary act. *Id.; Horvath v. Loesch,* 87 Ill.App.3d 615, 620 (1980). In this case, since KME's only asset is the account receivable frozen under Illinois law in the hands of STC, Inc., KME will be forced into liquidation if a stay is not granted. This is tantamount to an injunction.

GTT sought injunctive relief in its complaint for patent infringement filed in October, 2010. GTT did not, however, move the district court for any injunctive relief until after the September, 2013 jury verdict in its favor. The injunction was granted on November 8, 2013 and lasted less than two months. The patent at issue expired on January 7, 2014. GTT is not entitled to injunctive relief against KME.

The account receivable that is sought to be attached by GTT amounts to a relatively small sum. It will not begin to satisfy the judgment.

Because of the unusual procedural posture here, the likelihood of success on the merits may be determined with little speculation because the briefing is complete and before this Court. KME has a high likelihood of success on the merits of this case. First, as demonstrated in the briefing, it is likely that the claim construction will be reversed in favor of KME on the intersection/vehicle dichotomy as it applies to the term "location" as it is used in terms relevant to Claims 1 and 16. In addition, noninfringement is clear as KME is free to transmit vehicle data under the Morgan patent, to which the patent at issue is explicitly subject. Thus infringement of all limitations of the claims cannot be shown. Finally, the Emtrac System is substantially different in structure and function from those described in the protected claims, avoiding infringement as equivalent.

If a stay is not granted, KME will be irreparably harmed. It will be forced to liquidate and will not be able to continue in business. KME has a quality product and the hope of a bright future. It would be unfortunate for KME to survive the years of litigation only to fail when the end of the appeal is in sight. There is no adequate remedy at law because money damages for KME's loss cannot be recouped if it is forced out of business in this case. KME has participated with STC, Inc. in the development of new products for which there is significant

demand. KME is enjoying a high degree of interest in the Emtrac System and business is good. KME cannot travel to meet with its customers and fulfil its obligations to market, distribute and install the product without the working capital that comes from the commissions earned on its sales. KME needs working capital, supplied by the commissions, to pay employees and creditors. A stay is necessary in order to move forward. Because success on appeal is likely, the destruction of KME would be an irreparable loss.

The Illinois Supreme Court has stated that the standard for injunction is not the necessary showing for entitlement to a stay. *Stacke,* 138 Ill.2d at 303. The court reasoned that one problem in applying the injunction standard to a money judgment is the possible difficulty in establishing that there will be no adequate remedy at law or irreparable damage if the stay is not granted. *Id.* The court recognized that the respondent can allege that the amount of damages the movant suffers is clearly ascertainable and that the movant can sue to recover the money if successful on appeal. *Id., citing Hutter v. Lake View Trust & Savings Bank,* 54 Ill.App.3d 653 (1977). The court stated that Rule 305(b) expressly allows a discretionary stay of enforcement for judgments of money. *Stacke,* 138 Ill.2d at 303. Numerous factors in addition to the injunction are deemed relevant to the exercise of the appellate court's discretion in determining whether to grant a stay, allowing a wide range of latitude. *Id.* at 305.

One factor beyond the injunction factors is whether a stay is necessary to secure the fruits of the appeal in the event the movant is successful. KME's existence as a going concern depends on the issuance of a stay. The court allowed consideration of hardship to GTT if a stay is granted. The district court noted that GTT's financial health. Exhibit A, p. 4. GTT will not suffer hardship in the face of a stay in this case. "In making the determination whether or not to grant a stay pending appeal, the court, of necessity, is engaged in a balancing process as to the rights of the parties, in which all elements bearing on the equitable nature of the relief sought should be considered." *Stacke,* 138 Ill.2d at 308-09. The balancing of factors strongly favors KME and a stay is justified.

## CONCLUSION

Wherefore, KME and Morgan respectfully request that this Court grant a stay pending appeal of this cause. Additionally, KME and Morgan request any additional relief at law or in equity to which they justly may be entitled.

Dated: January 25, 2015.

Respectfully submitted,

/s/Jana Yocom
_____

Jana Yocom, P.C
Jana Yocom (#6193677)
320 S. 11th, Suite 1
Mount Vernon, Illinois 62864
618-731-1944

*Attorney for Defendants*
*KM Enterprises, Inc., and*
*Rodney Kris Morgan*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document with the Clerk of the United States
District Court for the Federal Circuit and served a copy on counsel of record via
the CM/EFC system on January 25, 2015.

/s/ Jana Yocom
_____

Law Firm:        Jana Yocom, P.C.
Address:         320 S. 11th, Suite 1
City, State, Zip:  Mount Vernon, Illinois 62864
Telephone:       618-731-1944
Facsimile:       618-244-0697
Email:           jana.yocom@gmail.com

Dated: January 25, 2015.