IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GLOBAL TRAFFIC TECHS. LLC,    )
                                       )
         Plaintiff,        )
                                       )
vs.                          )   Case No. 14–mc–0065–MJR–DGW
                                     )
KM ENTERPRISES, INC. and    )
RODNEY K. MORGAN,       )
                                     )
         Defendants.    )

# MEMORANDUM & ORDER

REAGAN, Chief Judge:

## BACKGROUND

This miscellaneous case began with the registration of a foreign judgment by Global Traffic Technologies LLC ("GTT"), pursuant to 28 U.S.C. § 1963. GTT won a jury trial in the District of Minnesota, and that Court entered a judgment over $8.5 million against KM Enterprises, Inc. and Rodney Morgan.[1] With interest, over $9 million is now due to GTT. GTT has filed a citation to discover assets so as to enforce that judgment. A judgment debtor exam is set for Monday, January 26, 2015.

KME—without posting a supersedeas bond—has appealed the Minnesota judgment to the U.S. Court of Appeals for the Federal Circuit. In both the District

---

[1] The jury trial concerned the infringement of a GTT patent by KME. The case was, as the Court of Appeals noted, "one of several ongoing legal disputes between KME and GTT." *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 722 (7th Cir. 2013) (affirming the undersigned's dismissal of KME's anti-trust case in this District for improper venue).

of Minnesota and the Federal Circuit, KME has previously moved for—and been denied—a stay of enforcement of the judgment pending appeal.  The district court held KME has "not shown justification for a stay of judgment and [has] not met [its] burden to waive any amount of the supersedeas bond required under" Federal Rule 62.  That court found KME's representations regarding alternate securities to be completely unreliable, and underscored its holding with a sister court's reasoning the undersigned finds pertinent here: "[T]he purported inability to post a bond does not in any conceivable way show that Plaintiff's interest in the full value of the judgment is secure.  In fact, it shows just the opposite." *Global Traffic Techs. v. Morgan*, No. 10-4110, 2014 U.S. Dist. LEXIS 96517, at *8–*9 (D. Minn. July 16, 2014) (*quoting Lewis v. Utd. Joint Venture*, No. 1:07-cv-639, 2009 U.S. Dist. LEXIS 48616 (W.D. Mich. June 10, 2009)).

In a brief, non-precedential Order, the Federal Circuit held KME had not demonstrated irreparable injury absent a stay, nor had it provided "reasonable alternatives to the posting of a supersedeas bond." (Doc. 21-4, 3).

The case comes before the Court on KME's "Motion for Stay of Enforcement Proceedings and, Alternatively, for Expedited Hearing." (Doc. 21).  None of the requested relief is warranted, so the Court **DENIES** the motion.

### ANALYSIS

Federal statute provides that "a judgment in an action for the recovery of money or property entered in any [federal court] may be registered by filing a certified copy of the judgment in any other district … A judgment so registered shall

have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." **28 U.S.C. § 1963**. Federal Rule of Civil Procedure 62(f) is applicable in a § 1963 registration proceeding, *U.S. ex rel. Hi-Way Elec. Co. v. Home Indem. Co.*, 549 F.2d 10, 14 (7th Cir. 1977), and provides in pertinent part:

> If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

**Fed. R. Civ. P. 62(f).**

The question[2] is a narrow one: is KME entitled to a stay of execution under Illinois law? KME—pointing to a one-line, handwritten grant of a stay of a citation proceeding (against banks that held KME deposits) in the Circuit Court for the Second Judicial Circuit, Jefferson County, Illinois—argues in the affirmative.

KME's invocation of that state court ruling is misplaced. In Illinois, judgment creditors (like GTT) prosecute their judgments via "supplementary proceedings," and each "supplementary proceeding shall be commenced by the service of a citation." **735 ILCS 5/2-1402(a).** In other words, each citation to discover assets is its own proceeding, so KME's broad assertion that the stay of citation proceedings in Jefferson County is somehow applicable here is a non-starter.

Rather, the Court looks to Rule 62(f)'s adoption of Illinois law. The enforcement of a monetary judgment shall be stayed if a timely notice of appeal is

---

[2] Because KME cannot show it is entitled to a stay under Illinois law, the Court need not reach GTT's argument that KME has effectively admitted that the Minnesota judgment does not act as a lien.

filed "*and an appeal bond or other form of security*" is approved by and filed with the court. **Ill. Sup. Ct. R. 305(a).** The security "shall be in an amount sufficient to cover the amount of judgment, interest and costs." *Id.* "If a form of security other than an appeal bond is presented, the appellant shall have the burden of demonstrating" that alternative. *Id.* Further, a party requesting to stay execution of a judgment pending appeal must "present a substantial case on the merits" for a stay to be considered. *Stacke v. Bates*, 562 N.E.2d 192, 198 (Ill. 1990).

Here, KME has failed—for a third time in federal court—to justify waiving the bond requirement for staying enforcement proceedings. KME offers *no* alternative security to an appeal bond, much less made a sufficient argument that GTT's interests will be protected. KME's own inability to post the bond (and frivolous implication that GTT's financial health somehow works in KME's favor, *see* Doc. 23) falls far short of the showing required to excuse the bond requirement present in both federal and state law. *See Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 932 F.Supp. 1147, (S.D. Ind. 1996) ("What (the judgment debtor) fails to understand is that a supersedeas bond is essentially a judgment insurance policy, and that alternate security must serve that same basic purpose. Even large, well-to-do companies have a legal right to collect judgments they have won in litigation."). It has not even argued that its appeal presents a substantial case on the merits. The undersigned will certainly not rule in a manner contrary the Federal Circuit's holding that KME has shown neither the irreparable injury *nor* alternative security needed to stay enforcement. (Doc. 21-4, 3). Ruling in

KME's favor would effectively reward a litigant who persistently made the same (losing) argument over and over again until it found a soft spot to land. The undersigned declines to incentivize such practice. *See U.S. Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 540 F.Supp.2d 994, 996 (N.D. Ill. 2008) ("Zealous advocacy is laudable, but at a certain point can turn into conduct that strikes at the heart of the court's core function of resolving disputes.").

CONCLUSION

KME's Motion For Stay / to Quash[3] / for Hearing (**Doc. 17**) is **DENIED.** KME's Motion for Extension of Time re: briefing this issue (**Doc. 15**) is **MOOT.** Likewise, its "Emergency" motion for a hearing on the matter (**Doc. 22**) is **MOOT.**[4] The case remains set for a judgment debtor exam in Magistrate Judge Wilkerson's courtroom on January 26.

> **IT IS SO ORDERED.**
> DATE: January 23, 2015

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
Chief Judge
UNITED STATES DISTRICT COURT

---

[3] Insofar as KME moved to "quash" the citation, the Court agrees with GTT's position that the election of remedies doctrine, held out by KME as reason for quashing, has "nothing to do" with the instant controversy. Nor is the Court willing to address KME's argument, made for the first time in its reply brief, that somehow the Minnesota judgment should never have been registered in Illinois. *See Citizens Against Ruining the Environment v. E.P.A.*, 535 F.3d 670, 675 (7th Cir. 2008) ("It is improper for a party to raise new arguments in a reply because it does not give an adversary adequate opportunity to respond.").

[4] The Court further notes KME is certainly not under a timeline that could be construed as an "emergency." KME could easily have moved to continue the January 26 judgment debtor exam.

5